UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH HARTSOCK,

    Plaintiff,

        v.                            CAUSE NO. 3:22-CV-303-JD-MGG

WESTVILLE CORRECTIONAL
FACILITY WARDEN,

    Defendants.

OPINION AND ORDER

Joseph Hartsock, a prisoner without a lawyer, filed a complaint which does not state a claim for monetary damages, but does state a claim for injunctive relief. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hartsock sets out five counts in his complaint. In Count One, he alleges his substantive due process rights are being violated because housing him in the GSC dorm is a State created danger because he has been attacked there multiple times and continues to be threatened by other inmates. ECF 1 at 13. Under the Eighth

Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Where a constitutional amendment "provides an explicit textual source of constitutional protection against . . . governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Because failure to protect claims are properly analyzed under the Eighth Amendment, the complaint does not state a substantive due process claim.

In Count Two, Hartsock alleges Indiana Department of Correction (IDOC) Ombudsman Director Charlene Burkett violated his Eighth Amendment rights by not responding to his April 6, 2022, email complaining that other IDOC employees were not protecting him from attack. ECF 1 at 14. In Count Five, he makes the same allegation in reference to his April 7, 2022, email. *Id*. at 16. The job of the Ombudsman is to receive grievances, investigate as necessary, and make recommendations to appropriate personal. POLICIES & PROCEDURES OF THE DOC OMBUDSMAN BUREAU, https://www.in.gov/idoc/files/2011_Policies_and_Procedures_DOC_Ombudsman.pdf. In this way, the Ombudsman's procedures are not meaningfully different than the grievance process and the Ombudsman not meaningfully different that a grievance specialist. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject

2

prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor [. . .] and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients . . . That can't be right.

*Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Even if the Ombudsman in Indianapolis did not properly process his grievance, the complaint does not state a claim against her.

In Count Three, Hartsock alleges IDOC Commissioner Robert Carter, Jr., IDOC Assistant Commissioner James Basinger, and IDOC Legal Services Director Robert Bugher violated his Eighth Amendment rights by designing, implementing, and approving The Use and Operation of Protective Custody Policy 02-01-107 which he alleges prevents him from being protected from attack by other inmates. ECF 1 at 14. Hartsock does not attach the policy nor explain how its application prevented him from being protected. He merely makes the conclusory allegation that it does. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

3

complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In Count Four, Hartsock alleges IDOC Commissioner Robert Carter, Jr., IDOC Assistant Commissioner James Basinger, and IDOC Legal Services Director Robert Bugher violated his Eighth Amendment rights by designing, implementing, and approving Offender Grievance Process Policy 00-02-301 which he alleges prevented him from filing a timely grievance about IDOC employees who do not protect him from attack by other inmates. ECF 1 at 15. As previously noted, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Allegations about deficiencies in the grievance process do not state a claim.

Hartsock seeks injunctive relief to protect him from attack by other inmates. He alleges he is housed in GSC with inmates who have not only threatened, but also committed physical violence against him multiple times in the past two months. ECF 1 at 8-11. He alleges he was still receiving threats at the time he signed the complaint. *id*.

at 11. The Westville Correctional Facility Warden has both the authority and the responsibility to ensure Hartsock is protected from attack by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant and Hartsock will be allowed to proceed on an official capacity claim for permanent injunctive relief.

Hartsock filed a motion asking for a preliminary injunction preventing him from being housed in GSC. ECF 2. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). It is unclear whether a preliminary injunction would be necessary, and if so what relief would be appropriate, but the Westville Correctional Facility Warden needs to respond to the motion before the court can resolve those questions.

For these reasons, the court:

(1) DIRECTS the clerk to add the Westville Correctional Facility Warden as a defendant in his official capacity;

(2) GRANTS Joseph Hartsock leave to proceed against the Westville Correctional Facility Warden in an official capacity to obtain permanent injunctive relief to protect him from attack by other inmates as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Indiana Department of Corr., Robert Carter, Jr., James Basinger, Robert Bugher, and Charlene Burkett;

(5) DIRECTS the clerk to request Waiver of Service from the Westville Correctional Facility Warden by email to the Indiana Department of Correction with a copy of this order, the complaint (ECF 1), the motion for preliminary injunction (ECF 2), the unsigned Affidavit (ECF 3), and the Memorandum in Support of Motion for Preliminary Injunction (ECF 4) under 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Westville Correctional Facility Warden at the Westville Correctional Facility;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Westville Correctional Facility Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(8) ORDERS the Westville Correctional Facility Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **May 10,**

**2022** (with supporting documentation and declarations from other staff as necessary) describing/explaining how Joseph Hartsock is being protected from attack by other inmates as required by the Eighth Amendment.

SO ORDERED on April 26, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT